701 F.2d 180
 29 Fair Empl.Prac.Cas. 392,
29 Empl. Prac. Dec. P 32,963
Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marge Payne et al., Plaintiffs-Appellants
v.
Bobbie Brooks, Inc., Defendant-Appellee.
 Docket No. 81-3061.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1982.
 
 1
 Before KEITH and JONES, Circuit Judges and NEWBLATT, District Judge.*
 
 
 2
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 PER CURIAM
 
 3
 Plaintiffs appeal from a judgment for defendant in their action alleging race discrimination in employment. We affirm.
 
 
 4
 Defendant operated two distribution centers in northern Ohio, one at Kelley Avenue in Cleveland, the other in Solon. In response to adverse business conditions, defendant closed the Kelley plant. Plaintiffs contend that defendant's conduct in hiring white employees to work at Solon while black Kelley employees were on layoff constituted disparate treatment on the basis of race. The district court held that because they failed to apply for a position at Solon they failed to establish a prima facie case under McDonnell Douglas v. Green, 411 U.S. 792 (1973). Plaintiffs contend that applications were not necessary under the "futility doctrine" enunciated in International Brotherhood of Teamsters v. United States, 431 U.S. 324 (1977). We conclude, however, that the district court correctly held the futility doctrine inapplicable to the facts of this case.
 
 
 5
 Plaintiffs further contend that the district court erred in rejecting their claim of disparate impact. The district court held that to the extent defendant's actions had a disparate impact, they were justified by business necessity. Griggs v. Duke Power Co., 401 U.S. 424, 431 (1971). Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, we are compelled to agree with the district court.
 
 
 6
 Accordingly, the judgment of the district court is Affirmed.